```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
WAYNE SCOTT,                                                       :
                                                                   :
                              Petitioner,                          :
                                                                   :            10-cr-954 (KBF)
              -v-                                                  :           16-cv-5127 (KBF)
                                                                   :
UNITED STATES OF AMERICA,                                          :           OPINION & ORDER
                                                                   :
                              Respondent.                          :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 13, 2016

KATHERINE B. FORREST, District Judge:

The Court has reviewed petitioner Wayne Scott's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness under the Due Process Clause. (Mot., 10-cr-954, ECF No. 136; 16-cv-5127, ECF No. 1.)[1] Although not sentenced pursuant to the ACCA, Scott contends that this Court should extend the reasoning of Johnson to vacate his sentence. Scott appears to argue that the Court should not have applied a five-level sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(C) for brandishing or possessing a firearm when calculating his offense level for purposes of the United States Sentencing Guidelines (the "Guidelines"), given that he had also pled guilty to Count Seven of his Indictment. In Count Seven, Scott was charged and convicted of unlawful

---

[1] Unless otherwise noted, all citations to ECF in this Opinion & Order refer to the docket in case no. 10-cr-954.

possession of firearms and ammunition after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

Scott's motion is subject to summary dismissal for two reasons. First, Scott waived his right to file a § 2255 motion pursuant to his plea agreement with the Government to the extent that the Court imposed a sentence within or below the stipulated Guidelines range—the Court did so when it sentenced Scott principally to 110 months' imprisonment, the bottom end of the stipulated Guidelines range. Second, there is no basis to find that the logic or reasoning of Johnson extends to any of the language in 18 U.S.C. § 922(g)(1), the crime of conviction under Count Seven, or to that in U.S.S.G. § 2B3.1(b)(2)(C), the sentencing enhancement with which Scott takes issue. Accordingly, Scott's motion is DENIED.

I. BACKGROUND

On October 14, 2010, Scott was charged in an Indictment in four counts, including: (A) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One), (B) Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two), (C) using, carrying or possessing a firearm, or aiding and abetting the use, carrying and possession of a firearm, in furtherance of a crime of violence (namely, the Hobbs Act robbery charged in Count Two), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count Three), and (D) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven). (Indictment, ECF No. 13.)[2]

---

[2] Scott was charged in the Indictment along with three co-defendants: Naquan Horne, Christophe Lee, and Kenneth Moore. All four defendants had previously been charged in a complaint filed on September 27, 2010. (ECF No. 1.)

On October 25, 2011, Vasquez pled guilty before Magistrate Judge Kevin Fox to Counts One, Two and Seven of the Indictment pursuant to a plea agreement with the Government. (See Plea Tr. at 13:6-9, ECF No. 58.) At his plea hearing, Scott affirmed that he understood that, pursuant to his plea agreement, if he pleaded guilty he would be giving up his right to file a direct appeal or collateral challenge to his conviction or sentence (to the extent that the Court imposed a sentence within or below the Guidelines range stipulated to in his plea agreement). (Plea Tr. at 14:15-20.) Scott also affirmed that he believed he was guilty of Counts One, Two and Seven, because he and others conspired to rob a grocery store on July 23, 2010, he drove his co-conspirators to the robbery and went inside the store, he knew that guns would be present, and he previously had been found guilty of felony possession of a firearm in 2004. (Plea Tr. at 15:24-17:22.)

On August 23, 2012, Scott appeared before this Court for sentencing. (See Sentencing Tr., ECF No. 94.) At sentencing, the Court explained that, in accordance with the Pre-Sentence Investigation Report ("PSR") provided by the Probation Department, and the Guidelines range established in the plea agreement that Scott signed with the Government, the Court calculated Scott as having an offense level of 25 and a criminal history category of VI, resulting in a Guidelines range of 110 months to 137 months' imprisonment. (Sentencing Tr. at 3:15-21.) As calculated by the Court, Scott's offense level under the Robbery Guideline for Counts One and Two—which drove the Court's ultimate Guidelines calculation—included, inter alia, a five-level sentencing enhancement under U.S.S.G. §

3

2B3.1(b)(2)(C) for brandishing or possessing a firearm. Neither party raised any objection at sentencing to this calculation or to any of the contents of the PSR. (Sentencing Tr. at 4:3-6.) The Court sentenced Scott principally to a term of 110 months' imprisonment for each of the three counts of conviction, to be served concurrently. (Sentencing Tr. at 17:9-14; Judgment, ECF No. 93.)

Scott did not file a direct appeal of his conviction.[3] On June 24, 2016, Vasquez filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 136.)

II.   DISCUSSION

Scott argues that his sentence was illegally imposed on the ground that, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), this Court improperly applied a five-level sentencing enhancement for brandishing or possessing a firearm given that Scott also pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Mot. at 4-5.) Scott's motion must be denied both because he waived his right to bring this challenge and because his argument fails on the merits.

A.   Waiver of Appeal Rights

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). "A knowing and voluntary waiver of the right to litigate pursuant to Section 2255 is also valid and

---

[3] As stated above, Scott had waived his right to file a direct appeal to the extent that his sentence fell within or below the Guidelines range to which he had stipulated in his plea agreement. Scott's sentence of 110 months' imprisonment fell at the bottom end of the stipulated Guidelines range, which, again, was 110 months to 137 months.

4

enforceable." United States v. Martinez, No. 09-CR-1022 (KMK), 2014 WL 7146846, at *5 (S.D.N.Y. Dec. 12, 2014); see also Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement."). Waivers of appeal rights are unenforceable "only in very limited situations, 'such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence.'" Arevalo, 628 F.3d at 98 (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)).

Pursuant to his plea agreement with the Government, Scott waived his right to file a direct appeal or collateral challenge of any sentence within or below the Guidelines range stipulated to in his plea agreement. (See Plea Tr. at 14:15-20.) The Court sentenced Scott to 110 months' imprisonment, which fell at the bottom end of his stipulated Guidelines range. Accordingly, Scott's motion must be denied because he waived his right to litigate pursuant to § 2255, and he has not overcome the presumption that his waiver was made knowingly and voluntarily, nor has he made any assertion or showing that this case falls into the rare group of situations in which a waiver pursuant to a plea agreement has been found unenforceable. This conclusion is consistent with recent Second Circuit precedent holding that a waiver provision in a plea agreement foreclosed a defendant's efforts to make a

Johnson challenge to his Guidelines calculation on appeal. United States v. Blackwell, No. 15-1031, 2016 WL 3190569, at *2 (2d Cir. June 1, 2016) (summary order).

  B. Scott's Challenge on the Merits

Even if Scott had not waived his right to file a motion pursuant to § 2255, his claim that the Court imposed an illegal sentence lacks merit.  As set forth below, there is nothing in the Johnson decision that suggests that a Court may not impose a sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(C) when calculating the offense level under the Guidelines for a Hobbs Act robbery where the defendant has also pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Moreover, aside from Johnson, there is no basis or principle of law upon which to conclude that Scott's sentence was illegally imposed.

In Johnson v. United States, the Supreme Court considered the constitutionality of a provision of the Armed Career Criminal Act that created a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already had three prior convictions for violent felonies and/or serious drug offenses.  Johnson, 135 S. Ct. at 2555; see 18 U.S.C. § 924(e)(1).  In § 924(e)(2)(B), the ACCA defined a "violent felony" as a crime punishable by imprisonment for a term exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).  The ACCA's definition of a "violent felony" included both a "force

6

clause" and a "residual clause," and courts applied the same "categorical approach" to determine if a criminal act qualified as a predicate offense. Johnson, 135 S. Ct. at 2557. The defendant in Johnson argued that the residual clause—which the Supreme Court had already considered in four prior decisions—was void for vagueness. Id. at 2556. The Court held that it was.

The Supreme Court invalidated the ACCA's residual clause based on a combination of two features that the Court stated "may be tolerable in isolation," but were unconstitutional in tandem. Id. at 2557. The first feature was that the residual clause, by relying on a categorical approach, left "grave uncertainty about how to estimate the risk posed by a crime." Id. The second feature was that the residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony" because the statute left courts to "apply an imprecise 'serious potential risk' standard to . . . a judge-imagined abstraction." Id. at 2558. The Supreme Court concluded that this uncertainty was compounded by the fact that the word "otherwise" in § 924(e)(2)(B) forced courts to interpret the term "serious potential risk" in light of the statute's list of four enumerated crimes that were "far from clear in respect to the degree of risk each pose[d]." Id. The Court further observed that § 924(e)(2)(B)'s "hopeless indeterminacy" was also demonstrated by the Court's "repeated attempts and repeated failures to craft a principled and objective standard" out of the statute in the four prior decisions in which it was called upon to interpret the language of § 924(e)(2)(B). Id.

In his § 2255 motion, Scott argues only that, as a result of Johnson, he received an illegal sentence when the Court applied a five-level sentencing enhancement under the Robbery Guideline for brandishing or possessing a firearm, see U.S.S.G. § 2B3.1(b)(2)(C), even though he had also already pled guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1). A review of these provisions demonstrates that Johnson has no bearing on Scott's conviction or the factors that weighed into the Court's Guidelines calculation.

The crime of conviction under Count Seven, 18 U.S.C. § 922(g)(1), makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[,] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The applicable guideline for Hobbs Act robbery is found in U.S.S.G. § 2B3.1, which provides for a base offense level of 20. U.S.S.G. § 2B3.1(a). The sentencing enhancement that Scott challenges is found in § 2B3.1(b)(2)(C), which provides that "if a firearm was brandished or possessed, increase by 5 levels." U.S.S.G. § 2B3.1(b)(2)(C).

Having considered the Johnson decision and the language of the statute and sentencing enhancement that Scott identifies, the Court does not find any basis upon which to conclude that Johnson somehow undermines Scott's sentence. None of the provisions that drove Scott's conviction or sentence rested on any language

resembling the sort of residual clause that the Supreme Court found problematic in Johnson.  Furthermore, the Court does not perceive any basis in any other precedent to suggest that it is improper to apply a five-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(C) under the Robbery Guideline where the defendant has also been convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  (Nor did defense counsel object at sentencing to the Court's application of the enhancement.)  The purported defect that Scott identifies simply does not raise any constitutional, statutory, or other concerns that could support a § 2255 motion.  Accordingly, because Scott has not shown any basis to conclude that he received an illegal sentence, Scott's conviction and sentence were proper and his § 2255 motion lacks merit.

III.   CONCLUSION

For the reasons set forth above, Scott's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).  The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of this motion would not be taken in good faith.  See Feliz v. United States, Nos. 01 Civ. 5544(JFK), 00 CR. 53(JFK), 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

The Clerk of the Court is directed to terminate the motion at ECF No. 136 in 10-cr-954 and to terminate the action in 16-cv-5127.

SO ORDERED.

Dated:   New York, New York
         July 13, 2016

                                                  _____
                                                        KATHERINE B. FORREST
                                                       United States District Judge

Copy to:
Wayne Scott
#63948-054
M.D.C. Brooklyn
80 29th Street
Brooklyn, NY 11232